[No. E037041. Fourth Dist., Div. Two. May 5, 2005.]

THOR McANDREW, Plaintiff and Respondent, v.
HASSAN HAZEGH, Defendant and Appellant.

**COUNSEL**

Ward & Ward and Alexandra S. Ward for Defendant and Appellant.

Law Offices of David H. Ricks, Mark R. Devey and David H. Ricks for Plaintiff and Respondent.

## OPINION

**HOLLENHORST, J.**—Defendant Hassan Hazegh (Hazegh) appeals the judgment following a court trial which awarded to plaintiff Thor McAndrew (McAndrew) $10,755.20 due under an oral contract, and ordered foreclosure of the mechanic's lien. The judgment further awarded attorney fees and a statutory penalty of 2 percent per month on the judgment pursuant to Civil Code section 3260 (section 3260).[1]

## FACTS

On May 13, 2001, McAndrew, a general contractor, entered into a construction contract with Hazegh. When the work was completed, McAndrew submitted an invoice showing an outstanding balance of $10,755.20. Hazegh refused to pay, contending he had already paid in full. McAndrew recorded a mechanic's lien and on April 23, 2002, sued Hazegh for breach of contract, common counts, enforcement of stop notice, and foreclosure of mechanic's lien. Additionally, the complaint sought interest (a 2 percent penalty) under section 3260, subdivision (g).

A bench trial was held on May 1 and 5, 2003. The evidence at trial showed that, in May 2001, Hazegh and McAndrew entered into a construction contract, whereby McAndrew would perform drywall work for Hazegh in connection with real property located in Rancho Cucamonga, California, in exchange for $38,500 "or less." The contract provided that the money would be paid "after the completion of the job." There would be no installment payments or withholding of any retention. However, McAndrew billed for his work in installments at various times from May to November 2001. Also, the contract provided that it could be modified or amended only "if the amendment is made in writing and is signed by both parties."

Hazegh testified that he never asked McAndrew to perform any work outside the scope of the contract, never authorized, whether orally or in writing, any extra work to be performed, and never received any written change order pertaining to purported extra work from McAndrew during the time the work under the contract was being performed. In contrast, McAndrew testified that, from time to time, Hazegh asked him to do extra work which he performed in Hazegh's presence since Hazegh was at the jobsite virtually every day. The work was completed around September 24, 2001. McAndrew attempted to keep track of the "extra work" and eventually prepared written documentation related to such extra work which he faxed to

---

[1] We note that the judgment was against Hazegh and Cina Corporation, a Nevada corporation. However, Cina Corporation is not a party to this appeal.

Hazegh in late October and early November 2001. Hazegh paid the $38,500 due under the written contract and an additional $4,464; however, he contended the $4,464 was paid in error. An invoice dated December 17, 2001, shows the extras totaling $13,919.20, with $10,755.20 still unpaid.

The trial court resolved the extra work dispute in McAndrew's favor, awarding $10,755.20 to McAndrew. The contract between McAndrew and Hazegh did not contain any attorney fee provision. Nonetheless, McAndrew brought a motion under section 3260, seeking fees plus a statutory penalty of 2 percent per month on the judgment. Hazegh argued that section 3260 was inapplicable. The trial court disagreed and amended the judgment to impose the penalty and award fees.

Hazegh appeals contending the trial court committed reversible error by awarding a 2 percent penalty and attorney fees under section 3260, subdivision (g).

## SECTION 3260

Hazegh contends that section 3260 only applies to actions involving "retention payments." Thus, he argues that it is inapplicable in the instant action because this action does not involve retention payments. We agree.

Section 3260, in relevant part, provides: "(b) The retention proceeds withheld from any payment by the owner from the original contractor, or by the original contractor from any subcontractor, shall be subject to this section. [¶] (c) Within 45 days after the date of completion, the retention withheld by the owner shall be released. . . . [¶] . . . [¶] (g) In the event that retention payments are not made within the time periods required by this section, the owner or original contractor withholding the unpaid amounts shall be subject to a charge of 2 percent per month on the improperly withheld amount, in lieu of any interest otherwise due. Additionally, in any action for the collection of funds wrongfully withheld, the prevailing party shall be entitled to his or her attorney's fees and costs."

 Before the 2 percent penalty or attorney fees may be recovered under section 3260, subdivision (g), the contractor must establish that the owner being sued has actually withheld retention proceeds/payments from the contractor. Retention proceeds or retention payments are "payments relating to work already done but which are not presently paid, which instead are withheld until completion of 100 percent of the [contractor's] work." (*Western Landscape Construction v. Bank of America* (1997) 58 Cal.App.4th 57, 59 [67 Cal.Rptr.2d 868].) Typically, an owner withholds retention proceeds/payments only where the construction contract calls for installment payments. (10

Miller & Starr, Cal. Real Estate (3d ed. 2001) § 27:50, pp. 135–136.) The withholding of retention payments provides the contractor with incentive to complete the work, while reducing the owner's risk of the contractor's nonperformance. (*Cates Construction, Inc. v. Talbot Partners* (1999) 21 Cal.4th 28, 55–56 [86 Cal.Rptr.2d 855, 980 P.2d 407].)

"Most construction agreements contain a provision for retention, which is a percentage (usually 10 percent) of the amounts due the contractor but held by the owner as a type of security for the contractor's full and complete performance and to satisfy potential lien claims at the end of the project. [¶] Final payment is made at the end of the project when the work has been fully performed and consists of the entire unpaid balance of the contract amount, including the retention. In fact, the release of the retention usually constitutes most or all of the final payment." (Gibbs & Hunt, Cal. Construction Law (16th ed. 2000) § 3.02[A][5], p. 103.)

Here, the contract between McAndrew and Hazegh did not call for installment payments. Instead, it stated that the entire contract price would be paid in one lump sum at the time of completion. It did not contemplate the withholding of retention proceeds/payments. When McAndrew submitted invoices for payments to Hazegh, those invoices were paid. The only dispute between the parties related to McAndrew's bills for extra work which Hazegh denied authorizing or owing and which McAndrew acknowledged were not the subject of a written amendment to the contract.

■ The evidence offered at trial clearly established that Hazegh never had any retention proceeds/payments in his possession because the contract did not provide for or contemplate that any portion of the contract price would be "retained." We reject McAndrew's claim that "retention" means any unpaid sums still owed to a contractor. As used in section 3260, "retention" means that the owner will hold back a percentage (usually 10 percent) of the amounts due the contractor as a type of security for the contractor's full and complete performance. (Gibbs & Hunt, Cal. Construction Law, *supra*, § 3.02[A][5], p. 103.) Because Hazegh never had any retention proceeds/payments in his possession, section 3260 does not apply and the trial court erred in awarding a 2 percent penalty and attorney fees under section 3260, subdivision (g). Accordingly, the award of penalties and attorney fees must be reversed.

## DISPOSITION

The award of penalties and attorney fees under section 3260 is reversed. In all other respects, the judgment is affirmed. The matter is remanded to the trial court to enter a new judgment that does not include an award of such penalties and attorney fees. Each party is to bear its own costs on appeal.

Ramirez, P. J., and Gaut, J., concurred.